103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Peggy BOLES; Homer D. Boles, Plaintiffs-Appellants,
Gayle Roberts; Lynn Lewis; Wanda Wiggins; Terry Taylor;
Ann Lowery; Laurel H. Lawrence; Mamie Wilson; Paulette
Akins; Bertha Madden; Alice P. Thomas; Debera Pittman;
Dorthy Brown; Margaret White; Manella Bumpass; Norma
Jackson; Susan Beard; Thelma Montgomery; Shirley Napper;
Blondell J. Jackson; Amy Harris; Gary Pittman; Billy
Lattimer, Plaintiffs,
v.
Christine BRADLEY, Individually and in her official capacity
as Commissioner of the Tennessee Department of Corrections;
Billy McWherter, Individually and in his official capacity
as Regional Director of Prisons in the Western District;
Fred Raney, Individually and in his capacity as Warden of
Cold Creek Correctional Facility; Billy Compton,
Individually and in his official capacity as Warden of West
Tennessee High Security Facility; Tommy Mills, Individually
and in his official capacity as Associate Warden of Cold
Creek Correctional Facility; James Dukes, Individually and
in his official capacity as Associate Warden of West
Tennessee High Security Facility; Russell Kiestler,
Individually and in his official capacity as an employee of
the Tennessee Department of Corrections; Mary Kissell,
Individually and in her official capacity as an employee of
the Tennessee Department of Corrections; Clint Herron,
Individually and in his official capacity as an employee of
the Tennessee Department of Corrections; Juanita Gallaway,
Individually and in her official capacity as an employee of
the Tennessee Department of Corrections; Tommy Ballard,
Individually and in his official capacity as an employee of
the Tennessee Department of Corrections; Alicia Craig,
Individually and in her official capacity as an employee of
the Tennessee Department of Corrections, Defendants-Appellees.
 No. 96-5002.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1996.
 
 Before: KENNEDY, BOGGS, and WOOD*, Circuit Judges.
 
 ORDER
 
 1
 Peggy Boles, a Tennessee citizen proceeding pro se, and Homer D. Boles, a Tennessee prisoner proceeding pro se, appeal a district court order denying their motion for a preliminary injunction filed in conjunction with a civil rights action under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Homer D. Boles is a state prisoner presently housed in the Northeast Correctional Center in Mountain City, Tennessee, and Peggy Boles is his wife. On September 7, 1994, the Boleses, three inmates at Tennessee correctional facilities, and twenty-one non-inmate prison visitors, filed a pro se complaint against various state prison officials and employees alleging a cause of action under 42 U.S.C. § 1983. The Boleses accompanied their complaint with a motion pursuant to Fed.R.Civ.P. 65 for a temporary restraining order or preliminary injunction "[d]irecting the defendants and all persons acting in concert with them [to stop] subjecting non-inmate visitors to exploratory searches of their vehicles, persons, and property in the absence of reasonable suspicion or probable cause and [to stop] violating [the visitors'] rights to privacy by requiring them to allow an official to visually observe them while changing their sanitary napkin or tampon as a requirement to be allowed to visit at the institution."
 
 
 3
 On September 27, 1994, the motion for preliminary injunction was referred to a magistrate judge for a report and recommendation. On August 31, 1995, the magistrate judge issued his report and recommended that the motion for a preliminary injunction be granted: 1) to enjoin "the policy of requiring female visitors to exchange feminine sanitary products in the presence and observation of female security officers" absent the presence of reasonable suspicion; and 2) to enjoin "indiscriminate vehicle searches of prison visitors as a prerequisite to visitation, absent the presence of some exception to the search warrant requirement." An "Errata" report and recommendation was entered on September 12, 1995.
 
 
 4
 On September 28, 1995, the defendants filed objections to the report and recommendation. On December 7, 1995, the district court adopted the report and recommendation in part and granted the preliminary injunction as to the feminine sanitary product exchange and denied the preliminary injunction as to the vehicle searches. The Boleses' timely appeal of that portion of the district court's order denying the preliminary injunction as to the vehicle searches followed.
 
 
 5
 The standard of review of a district court's denial of a motion for a preliminary injunction is abuse of discretion. Sandison v. Michigan High Sch. Athletic Ass'n, 64 F.3d 1026, 1030 (6th Cir.1995). The four elements to be considered are: 1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; 2) whether the movant has shown that irreparable injury will occur absent the injunction; 3) whether the preliminary injunction could harm third parties; and 4) whether the public interest would be served by issuing the preliminary injunction. See Frisch's Restaurant, Inc. v. Shoney's Inc., 759 F.2d 1261, 1263 (6th Cir.1985). The movant must, at a minimum, show some likelihood of success on the merits. In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir.1985).
 
 
 6
 The deciding issue in this case is the likelihood of success on the merits. Injunctive relief with respect to the warrantless random searches of the vehicles of visitors to the prison was properly denied because the Boleses have not shown a substantial likelihood of success on the merits as to whether such searches constitute unreasonable searches in violation of the Fourth and Fourteenth Amendments. First, in the interim since the district court denied the Boleses' motion for a preliminary injunction, the district court granted the defendants' motion for summary judgment as to the inmate-plaintiffs, including Homer Boles. The district court held that the inmate-plaintiffs have no state-created liberty interest in visitation and have no standing to assert any claims based on the searches of their visitors. Therefore, Homer Boles has no likelihood of success on the merits in this action.
 
 
 7
 As to Peggy Boles, the Constitution protects an individual's privacy interest in an automobile. See California v. Carney, 471 U.S. 386, 390 (1985). The same Fourth Amendment standard applies whatever the area searched. See California v. Acevedo, 500 U.S. 565, 576-80 (1991). Thus, if the defendants conducted the search for traditional law enforcement purposes they would need probable cause. See Arizona v. Hicks, 480 U.S. 321, 327 (1987). However, the Constitution does not require individualized suspicion to search a visitor's car on prison grounds, particularly if the visitor has been warned, as in this case, that the car is subject to a search. See Spear v. Sowders, 71 F.3d 626, 633 (6th Cir.1995) (en banc). Thus, Peggy Boles has not shown that she is likely to succeed on the merits of her claim regarding the warrantless random searches of the vehicles of visitors to the prison. Therefore, the district court properly denied the motion for a preliminary injunction.
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation